IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



ADAM C. BROCK                                                                              PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:14CV465WHB-RHW

VALLEY SERVICES, INC.                                                            DEFENDANT

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** Plaintiff, Adam C. Brock, by and through his counsel, Watson & Norris, PLLC, and files this Complaint against Valley Services, Inc., (hereinafter "Defendant"), pursuant to the Fair Labor Standards Act for unpaid overtime wages and the Equal Retirement Income Security Act of 1974, as amended. The actions of Defendant constitutes a willful violation of the Fair Labor Standards Act and the Equal Retirement Income Security Act of 1974, as amended.

## PARTIES

1.      The Plaintiff, Adam C. Brock, is an adult male resident of Hinds County, Mississippi, residing at 117 Navajo Circle, Clinton, Mississippi 39056.

2.      Defendant, Valley Services, Inc., is Mississippi corporation and may be served with process through its registered agent: Greg Shoemaker, 4400 Mangum Drive, Jackson, Mississippi 39288.

3.      The Defendant falls within the definition of a covered employer as set out in Section 203 of the Fair Labor Standards Act and the Equal Retirement Income Security Act of 1974, as amended.

## JURISDICTION

4. Jurisdiction of this civil action is conferred by Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b).

5. This Court has federal question jurisdiction.

6. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## FACTS

7. Plaintiff was hired by Valley Services as a Technical Support Manager starting June 1st, 2010. Plaintiff's primary responsibility was overseeing a 4 person team on the help desk. Plaintiff's team was responsible for end user IT support for over 400 users. As such, Plaintiff was responsible for hiring, scheduling, conducting performance reviews and the termination of the employees on the help desk team. Over the next year, Plaintiff's responsibilities grew to include managing Defendant's telephone system, cellular phones, point of sale support, purchasing and vendor relations. In this role, Plaintiff was allowed to exercise discretion as long as Plaintiff acted in the best interest of the company.

8. On May 24, 2013, Defendant informed Plaintiff that the department was being reorganized due to Plaintiff's boss, Carl Wolfe, receiving a promotion to the Defendant's parent company.

9. Effective May 25, 2013, Plaintiff would report to Jack Harper and would no longer be responsible for the help desk. Plaintiff would have a lateral transfer to the position of "Technical Systems Manager."

10. On June 6, 2013, Defendant updated the official company reorganization chart, and

Plaintiff noticed that his title was different than he had been told. Plaintiff's title was now Senior Technical Support Engineer. Also, Plaintiff was no longer at the same level as the other managers in the department. This was actually a demotion rather than a lateral transfer. Plaintiff emailed his boss, Mr. Harper, for clarification on the matter, but he did not respond. Plaintiff spent a lot of time that week reflecting about why he was demoted. Plaintiff also could not help but wonder how his pay would be impacted. Defendant's actions caused a lot of undue stress and frustration for Plaintiff.

11.     On August 1, Plaintiff approached his boss, Mr. Harper, to again seek clarification on his job title and to ask for his job description. Defendant's policy 11.A.3, a copy of which is attached as Exhibit "A," requires managers to provide employees a job description when they are moved into a new role. Mr. Harper told Plaintiff that Plaintiff was taking up "way too much of his time" and that Plaintiff "needed to stop asking about things I've already asked about." Mr. Harper told Plaintiff that he would get his job description when it was ready. Based on Mr. Harper's conduct and based upon Defendant's Disciplinary Action/Standards of Conduct Policy, specifically Policy 11.D.2 #18, a copy of which is attached as Exhibit "B". Plaintiff was extremely reluctant to contact Human Resources or Plaintiff's boss's boss and ask about his job description, because his conduct would be insubordinate. Insubordinate conduct is grounds for immediate termination, and Plaintiff could not afford to loose his job.

12.     Between June and September, several of Plaintiff's responsibilities were transferred to other people in the department. This included management of the telephone system, cellular phones, purchasing, establishing hardware and software standards, and vendor relations.

13.     Plaintiff's day to day responsibilities largely consisted of providing support for Defendant's point of sale system, and assisting in ticket escalations from Defendant's help desk.

Essentially, Plaintiff was a high-level help desk employee and continued to be responsible for after-hours support and was on call which caused him to work far in excess of forty hours per week. Plaintiff was also the primary person to travel to remote locations to provide onsite assistance. Plaintiff's ability to exercise discretion or judgment became severely restricted. For example, Plaintiff was required to get overnight travel approved in advance. Plaintiff could no longer authorize replacement cell phones, or make payments on past due accounts to restore internet service without first getting approval from Mr. Harper. Defendant asked Plaintiff to include his boss on emails and to get approval from him before initiating projects or purchases. When a help desk employee announced he was resigning on November 19th, Plaintiff was not asked to participate in the interviewing process nor did Defendant give Plaintiff an opportunity to make a recommendation.

14. Plaintiff's job duties no longer consisted of making any personnel suggestions or recommendations. Plaintiff was not responsible for the hiring, firing or promoting of any of the Defendant's employees, nor did Plaintiff have the supervision over any of Defendant's employees. Plaintiff was classified as a production employee, not an operational employee. Plaintiff's day to day tasks were not related to general business operations. If Plaintiff was not available, the Network Assistant and Technical Support Engineer were cross trained in Plaintiff's responsibilities and could cover for Plaintiff. While some of Plaintiff's work required specialized knowledge, Plaintiff's position did not meet any of the requirements to be classified as an exempt employee. Specifically, Plaintiff's primary duties did not consist of the following:

* The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;
* The design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
* The design, documentation, testing, creation or modification of computer programs

        related to machine operating systems; or

\*      A combination of the aforementioned duties, the performance of which requires the same level of skills.

15. Plaintiff was not paid for any time worked in excess of forty (40) hours each week. Additionally, Plaintiff was not paid time and a half his regular rate for all overtime hours worked each work week.

16. Plaintiff, after leaving Valley Services, Inc., did not receive any notification of his rights under COBRA.

## COUNT ONE: VIOLATION OF THE FAIR LABOR STANDARDS ACT

17. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 16 as if fully incorporated herein.

18. Plaintiff was a non- exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all hours over forty (40) hours worked in a given week.

19. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

20. Plaintiff was not paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ his regular rate of pay.

21. The acts of the Defendant constitutes a willful intentional violation of the Fair Labor Standards Act.

## COUNT TWO: VIOLATION OF CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT OF 1985 ("COBRA"), 29 U.S.C. § 1161

22. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through

21 as if fully incorporated herein.

23. ERISA requires that employers send a Consolidated Omnibus Budges Reconciliation act (COBRA) notice to qualified beneficiaries within forty-five (45) days of the qualifying event.

24. Defendant failed to notify Plaintiff about the possibility of continuing his insurance coverage pursuant to 29 U.S.C. § 1166, known as COBRA. An employer is required to give an employee notice about the possibility of continuing insurance coverage under COBRA if an employee experiences a qualifying event.

25. The Defendant's failure to notify Plaintiff of his right to extend coverage after Plaintiff experienced a qualifying event violates 29 U.S.C. § 1161 and entitle Plaintiff to damages.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff request the following relief:

a. Declaratory and injunctive relief;
b. Overtime pay;
c. Liquidated damages;
d. Surcharge;
e. All cost, disbursements, pre-judgment interest, post-judgement interest;
f. Attorney fees, expert witness fees and costs; and
g. Such other relief as the Court deems just and appropriate.

THIS, the 13th day of June, 2014.

Respectfully submitted,

ADAM C. BROCK, PLAINTIFF

By: _____
LOUIS H. WATSON, JR. (MB#9053)
NICK NORRIS (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone:    (601) 968-0000
Facsimile:    (601) 968-0010
louis@watsonnorris.com