IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ADAM C. BROCK**                                                                                     **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO.: 3:14-cv-00465-WHB-RHW**

**VALLEY SERVICES, INC.**                                                       **DEFENDANT**

**DEFENDANT VALLEY SERVICES, INC'S ANSWER AND
AFFIRMATIVE DEFENSES**

**COMES NOW**, Defendant Valley Services, Inc. ("Defendant"), by and through its undersigned counsel, and submits this Answer and Affirmative Defenses to Plaintiff's Complaint.

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by all applicable statutes of limitation and the doctrine of laches.

**THIRD DEFENSE**

Plaintiff's position was exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA").

**FOURTH DEFENSE**

Defendant at all times acted in good faith and with reasonable grounds for believing that it acted in compliance with the FLSA.

**FIFTH DEFENSE**

Defendant asserts that Plaintiff's claims are barred in whole or in part to the extent they include time that is not compensable under the FLSA or the Portal-to-Portal Act of 1947.

PD.12109174.1

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## EIGHTH DEFENSE

Defendant did not willfully violate any provision or section of the FLSA. Therefore, Defendant may not be assessed with liquidated damages and prejudgment interest, even if this Court finds that it violated the FLSA. Defendant denies that it bears the burden of proving the foregoing defense. However, out of an abundance of caution, Defendant asserts this defense affirmatively to avoid any possibility of waiving same.

## NINTH AFFIRMATIVE DEFENSE

Defendant asserts the right to rely on after-acquired evidence.

## TENTH AFFIRMATIVE DEFENSE

Defendant affirmatively denies that Plaintiff sustained any damages as alleged in Plaintiff's Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff sustained damages, which is specifically denied, Defendant asserts that Plaintiff failed to make reasonable efforts to mitigate his damages.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff is not entitled to any compensatory damages, punitive damages, double or liquidated damages or any other damages, fees, or costs related to this lawsuit.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant asserts all applicable defenses available under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), including but not limited to all applicable statutes of limitations, jurisdictional prerequisites, restrictions on remedies, causes of action, and standing to sue.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts all applicable defenses available under the Employee Retirement Income Security Act of 1974 ("ERISA"), including but not limited to all applicable statutes of limitations, jurisdictional prerequisites, and restrictions on remedies, causes of action, and standing to sue.

### ANSWER

Without waiving any of the foregoing affirmative defenses, Defendant responds to the specific allegations of the Complaint as follows:

Defendant denies the unnumbered paragraph of Plaintiff's Complaint beginning "COMES NOW Plaintiff…."

1. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required.  Should Defendant be mistaken in this regard, Defendant denies the allegations contained in paragraph 3 of the Complaint.

**JURISDICTION**

4. Defendant admits the Court has jurisdiction but denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the Court has jurisdiction but denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the Court has jurisdiction but denies the remaining allegations contained in Paragraph 6 of the Complaint.

**FACTS**

7. Defendant denies that Plaintiff started working for Defendant on June 1, 2010. Defendant admits Plaintiff was hired as a Technical Support Manager and that he was responsible for overseeing Defendant's help desk and that he was responsible for providing IT support for complex issues. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits Carl Wolfe was promoted and that Plaintiff was informed of Mr. Wolfe's promotion. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits Plaintiff reported to Jack Harper and that, at some point, he was informed that he no longer was responsible for managing the help desk. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant cannot admit or deny the allegations contained in Paragraph 10 regarding

4

what Plaintiff noticed or what Plaintiff did the week he alleges he saw a new organization chart. Defendant admits Mr. Harper received an e-mail from Plaintiff regarding his job title. Defendants denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant cannot admit or deny the allegations contained in Paragraph 11 of the Complaint regarding Plaintiff's thoughts or beliefs. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that some tasks Plaintiff had been performing were transferred to other employees. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits Plaintiff was instructed to obtain approval in advance of traveling on behalf of Defendant. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

**COUNT ONE:  VIOLATION OF THE FAIR LABOR STANDARDS ACT**

17. In response to Paragraph 17 of the Complaint, Defendant incorporates by reference and re-alleges the admissions, denials, and statements contained in Paragraphs 1 through 16 of this Answer as though fully set forth herein.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains legal conclusions to which no response is required. Should Defendant be mistaken in this regard, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Plaintiff was an exempt employee.  Therefore, Defendant denies Plaintiff was entitled to overtime compensation.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## COUNT TWO:  VIOLATION OF COBRA

22. In response to Paragraph 22 of the Complaint, Defendant incorporates by reference and re-alleges the admissions, denials, and statements contained in Paragraphs 1 through 21 of this Answer as though fully set forth herein.

23. Paragraph 23 of the Complaint contains legal conclusions to which no response is required.  Should Defendant be mistaken in this regard, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant Denies the allegations contained in Paragraph 25 of the Complaint.

Defendant denies that the Plaintiff is entitled to the relief requested in the unnumbered paragraph of the Complaint beginning "WHEREFORE, PREMISES CONSIDERED, Plaintiff request[s]," including the relief requested in subparagraphs (a)-(g) and further denies that Plaintiff is entitled to relief of any kind.  Defendant specifically denies that Plaintiff is entitled to any judgment or relief of any kind and expressly denies that Plaintiff has suffered or is entitled to damages, liquidated damages, compensatory damages or punitive damages, and further denies that Plaintiff is entitled to attorneys' fees and interest.

WHEREFORE, PREMISES CONSIDERED, Defendant, Valley Services, Inc., respectfully requests that this Court dismiss Plaintiff's Complaint and award it Defendant's costs, expenses and attorneys' fees.

THIS, the 20th day of August, 2014.

        Respectfully submitted,

        **VALLEY SERVICES, INC., Defendant.**

    BY:  */s/ Saundra Strong*
        W. Thomas Siler, Jr., MB #6791
        Saundra Strong, MB #101164
        PHELPS DUNBAR, LLP
        4270 I-55 North
        Jackson, Mississippi  39211-6391
        Post Office Box 16114
        Jackson, Mississippi 39236-6114
        Telephone: (601) 352-2300
        Telecopier: (601) 360-9777

## CERTIFICATE OF SERVICE

I, SAUNDRA STRONG, do hereby certify that on August 20, 2014, I electronically filed the above and foregoing *DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Louis H. Watson, Jr., Esq.
Robert Nicholas Norris, Esq.
WATSON & NORRIS, P.L.L.C.
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone:  (601) 968-0000
E-mail:  louis@watsonnorris.com
        nick@watsonnorris.com

*ATTORNEYS FOR PLAINTIFF*

SO CERTIFIED, this the 20th day of August, 2014.

        */s/ Saundra Strong*
        SAUNDRA STRONG